180 So. 103

## DERAMUS v. JEFFERSON COUNTY COMMISSION et al.
### 6 Div. 307.

Supreme Court of Alabama.
March 15, 1938.

Rehearing Granted March 31, 1938.

Clarence Mullins, of Birmingham, for appellant.

Sam C. Pointer, of Birmingham, for appellees.

**ANDERSON, Chief Justice.**

As we understand, the proposed bond issue is for a renewal or refund of bonds heretofore issued by Jefferson county and which mature April and May the 1st of the present year 1938. The proposed bonds being for a renewal or refund of existing bonds, the issuance of same does not have to be authorized by an election under section 222 of the Constitution, being expressly excepted therein; so the question is one of statutory authority.

The act of 1927, Gen.Acts 1927, p. 534, is self-styled: "The Municipal Bond Code." It also deals specifically, by article 3, with the issuance of county bonds. Section 35 of said act, p. 543, says: "The governing body of any county now having bonds outstanding may without an election issue bonds of the county for the purpose of refunding such bonds to an amount not exceeding the principal amount of the bonds to be so refunded." It is suggested that by use of the word "now," the act is retrospective and not prospective, and cannot authorize the renewal or refunding bonds except to take up bonds outstanding when the aforesaid act was passed. It appears, however, that section 35, above quoted, was amended by the act of 1931, Gen.Acts. 1931, pp. 428, 429, § 2, by adopting the language thereof but omitting the word "now" so as to render the amended provision prospective and to authorize the refunding bonds to take up outstanding ones, whether issued before or after the said enactment.

It is contended, however, that section 2 of the act of 1931, purporting to amend section 35 of the act of 1927, contains, at the end, the words, "and may also, without an election, issue bonds of the municipality from time to time for the purpose of refunding installments of not less than $1,000.00 becoming due on serial bonds heretofore issued and outstanding under the provisions of this Act," and confines the right to issue the refunding bonds only to take up bonds or installments on same issued before the act of 1931.

It is sufficient to say, as to this contention, and conceding that these words apply to county as well as municipal bonds, that they are confined to serial as distinguished from term bonds. "Serial bonds" have been expressly defined as being such bonds as are payable in installments in successive years, and are distinguishable from "term bonds." The bonds in question are term and not serial bonds. 57 C. J. 270.

The decree of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.

### On Rehearing.

**ANDERSON, Chief Justice.**

The foregoing opinion was prepared upon the theory that the bonds in question were "term" and not "serial" bonds, nothing to the contrary appearing. Counsel, however, on rehearing, agree that the bonds involved are "serial" ones, and this agreement necessitates a reconsideration of this cause.

It is evident that the act of 1931, by the elimination of the word "now" from the act of 1927, made the law prospective as to the renewal of all "term" bonds whether issued before or after the passage of the act of 1931. But in amending the act of 1927, the act of 1931, Gen.Acts 1931, p. 429, by sections 1 and 2, amending sections 17 and 35 of the act of 1927, Gen.Acts 1927, pp. 539, 543, seems to confine the issuance of renewal or refunding of serial bonds to those "heretofore" issued; that is, those serial bonds that had been issued prior to the adoption of the act of 1931, July the 10th, 1931. True, section 2 of the act of 1931, amending section 35 of the act of 1927, contains the words, "and may also, without an election, issue bonds of the municipality from time to time for the purpose of refunding installments of not less than $1,000.00 be-

coming due on serial bonds heretofore issued and outstanding under the provisions of this Act." This expression is rather confusing, but it is manifest that the use of the words "the municipality," as used of necessity, refers to the county, as section 1 of the act of 1931 deals with municipal bonds and section 2 deals only with county bonds and clearly limits the issue to refund serial bonds "heretofore issued." As we understand, the bill of complaint seeks to enjoin the issuance of the bonds only to refund serial bonds issued after July 10, 1931, and the bill therefore contains equity, and the trial court erred in sustaining the demurrer to same.

Rehearing granted, judgment of affirmance set aside, and the cause is reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.